plaintiff cannot recover at law on account of neglect, neither can he here, but at all events, as the question is presented to this Court, it is purely a matter of law and is to be decided at law.

The notion of setting off this money, paid by Hedges on this note, against his bonds given to Clark, has probably given rise to this bill; but unless Clark had been made liable for the money mentioned in the note, there could be no ground for a set-off, and I do not see how, on that account the plaintiff could come into equity.

The bill must be dismissed.

### SAINT JAMES' CHURCH v. JAMES WALKER,
#### Administrator of Samuel Walker.

Court of Chancery.  New Castle.  April, 1825.

*Ridgely's Notebook IV, 588.*

[For this case, see 1 Del.Ch. 284.]

### JAMES P. TRUITT et al. v. WILLIAM GRAY et al.

Court of Chancery.  Sussex.  June 28, 1825.

*Ridgely's Notebook IV, 599.*

### [THE JUDICIARY.]

Orphans' Court and Court of Chancery.  Sussex.

*Ridgely's Notebook IV, 605.*

Monday, July 18, 1825.

The Orphans' Court and Court of Chancery were opened this day at ten o'clock A. M.  The usual course is first to proceed